UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

OREGON NERVE CENTER, LLC an
Oregon limited liability company, and
JOSE L. OCHOA, M.D.,

        Plaintiffs,

        v.

LAWLOR WINSTON, LLP, a Florida
limited liability partnership,

        Defendant.

Case No. 11-cv-01433-HA

OPINION AND ORDER

HAGGERTY, District Judge:

      Oregon plaintiffs filed a Complaint asserting a single claim for intentional interference with business relations. Defendant, a Florida based law firm, moves to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. In the alternative, defendant moves the court to transfer venue to the Southern District of Florida and to strike plaintiff's prayer for accrued interest at a rate of eighteen percent per annum. Oral argument was deemed unnecessary for the resolution of this motion. For the following reasons, defendant's Motion to Dismiss [5] is granted in part and denied in part.

1 - OPINION AND ORDER

**BACKGROUND**

Plaintiff Dr. Jose L. Ochoa (Ochoa) is an academic clinician and scientist in the field of neurology. Ochoa is the owner and manager of the Oregon Nerve Center, LLC (Oregon Nerve Center), through which he conducts a clinical practice, teaches post-graduate students, and provides services as a medicolegal expert.

Defendant Lawlor Winston, LLP is a Florida personal injury law firm. In 2006, defendant represented an individual who allegedly suffered from an apparently controversial pain syndrome, "RSD/CRPS." Ochoa was hired by defense counsel in that case as a defense medical expert, and he conducted part of an independent medical examination (IME) of the plaintiff. At some point following the resolution of the personal injury case, defendant posted a video on YouTube that contained a portion of the PowerPoint presentation defendant used during mediation in that case. According to plaintiffs, the YouTube video contained false and defamatory statements about plaintiffs and utilized a small part of the IME in such a way as to place Ochoa in a false light. At the time defendant posted the video, defendant knew that Ochoa was an Oregon resident and that the Oregon Nerve Center had its principal place of business in Oregon. Plaintiffs contend the video was designed to impugn plaintiffs' professional reputation in order to interfere with plaintiffs' work as a medicolegal expert.

**ANALYSIS**

1.   **Personal Jurisdiction**

Plaintiffs bear the burden of establishing that this court has personal jurisdiction over defendant. *See Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996) (stating that the nonmoving party has the burden of establishing personal jurisdiction). However, plaintiffs need only make a prima facie showing of facts that support exercising jurisdiction over

defendants. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).

Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis. The exercise of jurisdiction must: (1) satisfy the requirements of the long-arm statute of the state in which the district court sits; and (2) comport with the principles of federal due process. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Oregon Rule of Civil Procedure (ORCP) 4(B)-(K) provides specific bases for personal jurisdiction and subsection (L) extends jurisdiction to the limits of due process under the United States Constitution. *Nike, Inc. v. Spencer*, 707 P.2d 589, 591 (Or. Ct. App. 1985); *see* ORCP 4.

The Due Process Clause of the U.S. Constitution protects persons from being subject to the binding judgments of a forum with which they have "established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Due process requires that a defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *Int'l Shoe Co.*, 326 U.S. at 316). "A court may exercise either general or specific jurisdiction over a nonresident defendant." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citation omitted).

For a defendant to be subject to general personal jurisdiction, the defendant must have such "continuous and systematic contacts with the forum that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995) (citation omitted). The standard for general jurisdiction is high, requiring that the contacts in the forum "approximate physical presence." *Tuazon*, 433 F.3d at 1169 (citation omitted). Unless the defendant can be deemed "present" within the forum for all purposes, general

jurisdiction is not appropriate. *See Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). As defendant's only apparent contacts with Oregon are the events at issue in this case, there is no contention that general jurisdiction is appropriate.

In contrast to general personal jurisdiction, specific jurisdiction exists where: (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed herself of the privileges of conducting activities in the forum; (2) the claim arises out of, or results from, the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted). If the plaintiff meets the first and second elements, the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). However, if the plaintiff fails at the first step, then the jurisdictional inquiry ends and the defendant must be dismissed from the case. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

To establish the first prong (purposeful availment or direction) for specific jurisdiction, the defendants must have performed some affirmative conduct within the forum state. *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (citation omitted). In some cases, a foreign act aimed at the forum state can satisfy the first prong. Plaintiffs urge this court to analyze this prong pursuant to the *Calder* effects test. *Calder v. Jones*, 465 U.S. 783 (1984). This is the proper analytical lense through which to view personal jurisdiction in a tort claim such as the one alleged in the present case. *Mavrix Photo, Inc. V. Brand Tech., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). To satisfy the effects test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th

4 - OPINION AND ORDER

Cir. 2006) (quoting *Schwarzenegger* 374 F.3d at 802).

The first part of the effects test is clearly satisfied. Defendant intentionally posted the YouTube video. The second question, whether by posting the YouTube video, defendant's conduct was expressly aimed at Oregon must also be answered in the affirmative. As the Ninth Circuit explained in *Mavrix Photo*, the use of "a passive website in conjunction with 'something more' – conduct directly targeting the forum – is sufficient" to satisfy the express aiming prong. 647 F.3d at 1229 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002). A defendant has done "something more" when they have "individually targeted a plaintiff known to be a forum resident." *Id*. (citations and quotation omitted). Defendant's alleged conduct, posting a defamatory video about Ochoa, was expressly aimed at Oregon, where defendant knew Ochoa to reside. The last part of the *Calder* effects has also been satisfied as any harm suffered by Ochoa and his business would necessarily be felt in Oregon regardless of where plaintiffs lost business.

Because the purposeful availment or direction prong has been satisfied, the court turns to the question of whether plaintiffs' claim arises out of, or results from, defendant's forum-related activities. It clearly does. As plaintiffs have met their burden in satisfying the first two prongs of the specific jurisdiction test, defendant must present a compelling case that the exercise of jurisdiction would be unreasonable. This court finds no compelling reason for declining to exercise personal jurisdiction over defendant and denies the motion to dismiss on those grounds.

**2.     Alternative Motion to Transfer**

As an alternative to the requested dismissal for lack of personal jurisdiction, defendant requests that the court transfer venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a) (providing that a district court may transfer any civil action to any other district where it might have been brought). As this case could have been brought in the Southern District of Florida,

where defendant resides, this court must determine whether transfer would result in greater convenience to the parties and witnesses, and advance the interests of justice. *Id*. Factors to be weighed in considering a motion to transfer venue include: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the ease of access to evidence; (5) the familiarity of each forum with applicable law; (6) the relative congestion of the court dockets; and (7) the local interest in having localized controversies decided at home. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

The court has weighed these factors and considered others. The only factor weighing in favor of transfer is inconvenience to defendant. This inconvenience is matched by that plaintiff would suffer in the event of transfer. All other factors are either neutral (relative congestion of the court dockets) or weigh in favor of venue in this district, if only slightly (plaintiff's choice, convenience of witnesses and access to evidence, this court's familiarity with Oregon law, and Oregon's interest in resolving this dispute locally). Accordingly, defendant's request that this court transfer venue to the Southern District of Florida is denied.

### 2. Failure to State a Claim

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949

(2009).

The reviewing court must treat all facts alleged in the complaint as true and resolve all doubts in favor of the nonmoving party. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 n.1 (9th Cir. 2009) (citation omitted). The court need not accept any legal conclusions set forth in a plaintiffs' pleading. *Ashcroft*, 129 S. Ct. at 1949-50.

Defendant contends that plaintiffs have failed to properly plead a claim for intentional interference with a business relations, that plaintiffs have in fact pled a claim for defamation, and that the defamation claim is subject to Oregon's one-year statute of limitations. To state a claim for intentional interference with business relations a plaintiff must allege: (1) the existence of a professional or business relationship, (2) intentional interference with that relationship, (3) by a third party, (4) accomplished through improper means or for an improper purpose, (5) a causal effect between the interference and damage to the economic relationship, and (6) damages. *McGanty v. Staudenraus*, 901 P.2d 841, 844 (Or. 1995).

Defendant contends that plaintiffs have failed to properly plead what business relationships defendant allegedly interfered with. Defendant argues that only actual interference with an existing business relationship is actionable under a theory of intentional interference. A unilateral business expectation is insufficient to support a claim for intentional interference (indeed it is unclear how a plaintiff could prove damages for such a claim). *Or. Life & Health Ins. Guar. Ass'n v. Inter-Regional Fin. Grp., Inc.*, 967 P.2d 880, 887 (Or. Ct. App. 1988) (noting that an intentional interference claim does not protect the business expectations of a single entity but the business relationships between a plaintiff and third party). However, the law is settled that prospective business relationships are protected. *McGanty*, 901 P.2d at 844 (stating that a business relationship can "include, *e.g.*, a contract or prospective economic advantage"). Plaintiffs have alleged that

7 - OPINION AND ORDER

defendant interfered with their "prospective economic relationships."  Compl. ¶ 17.  Plaintiffs need not have alleged more.

Defendant's contention that plaintiffs have actually stated a claim for defamation is also rejected.  The law is settled that defamation can constitute the improper means by which an intentional interference tort is accomplished.  *Kraemer v. Harding*, 976 P.2d 1160, 1170 (Or. Ct. App. 1999).  This does not convert the claim into one for defamation and does not subject it to defamation's one-year statute of limitations.  *Id.*

### 3. Post-Judgment Interest

Plaintiffs concede that their request for post-judgment interest at a rate of eighteen percent per-annum was inappropriate.  Accordingly, the court strikes that request and orders plaintiff to file an amended complaint with a prayer for the statutorily mandated nine percent interest rate.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss [5] is GRANTED IN PART and DENIED IN PART.  Plaintiffs' prayer for post-judgment interest at a rate of eighteen percent per-annum is stricken.  All other aspects of defendants' motion are denied.

IT IS SO ORDERED.

Dated this 22nd day of February, 2012.

    /s/ Ancer L. Haggerty
ANCER L. HAGGERTY
United States District Judge